QIANWU YANG  (Cal. Bar No. 336610)
yang@shm.law
YI YI (Cal. Bar No. 353482)
yi.yi@shm.law
**SHM LAW FIRM**
3000 El Camino Real
Building 4, Suite 200
Palo Alto, CA 94306
Telephone: (650) 613-9737

Attorneys for Plaintiff
ABORDER PRODUCTS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| Aborder Products, Inc.,<br>            Plaintiff,<br><br>            v.<br><br>dbest products, Inc.,<br><br>            Defendant. | **COMPLAINT FOR DECLARATORY JUDGMENT**<br><br>DEMAND FOR JURY TRIAL |

Plaintiff Aborder Products, Inc. ("Aborder") files this Complaint for Declaratory Judgment of Noninfringement against Defendant dbest products, Inc. ("Dbest" or "Defendant"). In support of its complaint, Plaintiff alleges as follows:

**<u>NATURE OF THE ACTION</u>**

1.    This action arises under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and the United States Patent Act, 35 U.S.C. § 1 *et seq.*

2.    Plaintiff seeks declaratory judgments that U.S. Patent No. 12,103,576

1

("the '576 Patent") is not infringed by Plaintiff's storage box products, including but not limited to all products among Plaintiff's storage box offerings (collectively referred to as "the Non-Infringing Storage Boxes"). True and correct copies of the '576 Patent is attached hereto as Exhibit 1.

3.      Plaintiff brings this action in view of the actual controversy created by Defendant under the '576 Patent. Defendant has asserted a patent infringement claim against the Non-Infringing Storage Boxes with Amazon, causing Amazon to remove Plaintiff's listings for the Non-Infringing Storage Boxes on Amazon.com.

## PARTIES

4.      Plaintiff Aborder Products, Inc. is a Texas corporation with its principal place of business at 400 E. Las Colinas Blvd., Suite 920, Irving, TX 75039.

5.      Upon information and belief, dbest products, Inc. is a corporation organized under California law with its principal place of business at 16506 South Avalon Boulevard, Carson, CA 90746, USA.

## JURISDICTION AND VENUE

6.      This action arises under the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, the United States Patent Act, 35 U.S.C. § 1, *et seq.* This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 2201, 2202, 1331, and 1338(a) because an actual case or controversy currently exists between the Parties regarding the subject matter of this action, and the Court would have

1    subject matter jurisdiction over this action if Defendant initiated suit for patent

2    infringement.

3        7.    The Court has personal jurisdiction over dbest products, Inc. based on

4    information and belief that dbest products, Inc. is domiciled in California and within

5    this judicial district.

6        8.    Venue is proper in this Court under 28 U.S.C. § 1391(b)(1), because

7    dbest products, Inc. resides in this district as residency is defined in 28 U.S.C. §

8    1391(c)(2).

9                                    **FACTUAL BACKGROUND**

10   **A.    The Non-Infringing Storage Boxes**

11       9.    Plaintiff conducts business through a storefront on Amazon.com under

12   the name "Aborder Products," offering a variety of storage boxes for sale. These

13   products are identified by Amazon Standard Identification Numbers (ASINs),

14   including but not limited to B0D7W2J7P2, B0DFY27BKQ, B0CNK8ZBNG,

15   B0CNKCFJJH, B0CNKC6KBF, B0CNKCJLFR, B0D7VZNNSS, B0D7W2XQ3F,

16   B0D7ZLP2XG, B0D7ZMMDZJ, B0DFY53NSS, B0DFY3PPRS, B0DFY4X49Z,

17   and B0DFY5M4BJ.

18       10.    On or about November 27, 2024, Plaintiff received notifications from

19   Amazon stating that the listings for the aforementioned ASINs were removed due to

20   alleged infringement of the '576 Patent.

11.     On or about December 3, 2024, Amazon reinstated three of Plaintiff's previously removed ASINs. However, on or about December 11, 2024, Amazon once again removed these same three ASINs from its platform.

12.     As of the date of filing this Complaint, the ASINs identified above continued to be unavailable from Amazon's platform.

13.     The Amazon marketplace constitutes Plaintiff's primary sales channel into the United States. To remain competitive in the United States market for storage boxes, Plaintiff needs the Non-Infringing Storage Boxes listed in the Amazon marketplace. Amazon has removed the Non-Infringing Storage Boxes from the marketplace, preventing Plaintiff from accessing their largest channel of trade because of Defendant's alleged infringement complaint to Amazon. Thus, Defendant's submission of Amazon infringement complaint has caused immediate and irreparable harm to Plaintiff.

**B.      U.S. Patent NO. 12,103,576**

14.     The '576 Patent lists dbest products, Inc. as the applicant and assignee. *See* Exhibit 1,  the '576 Patent, cover page.

15.     The '576 Patent, titled "Stackable Collapsible Carts," describes its purported invention as an enhanced "collapsible cart designed to transition from a closed, folded condition to an open, expanded condition for use."

16.     The application for the '576 Patent was filed on December 15, 2023.

DECLARATORY JUDGMENT COMPLAINT

1 The '576 Patent was issued on October 1, 2024.

2    17.    Claims 1, 11 and 15 are the only independent claims of the '576

3 Patent.

4    18.    Claim 1 requires:

5        a first track formed along the first right panel and the second right

6        panel extending from a first position on the first right panel to a

7        second position on the second right panel; and

8        a first slideable member cooperatively engaged to the first track, the

9        first slideable member is movable along the first track between an

10        open position to a closed position to selectively lock the first right

11        panel to the second right panel, wherein the first slideable member is

12        in the open position when disposed along the first track adjacent the

13        first position of the first track while not disposed along the second

14        right panel and is in the closed position when disposed along the first

15        track adjacent the second position of the first track while being

16        disposed across both the first right panel and second right panel.

17 *See* Exhibit 1 at 11:52-67.

18    19.    Claim 11 requires:

19        the right sidewall comprising a first right panel rotatably coupled to a

20        second right panel, the right sidewall further comprising a third right

panel, wherein the second right panel and the third right panel conform in shape to collectively cover the opening in the first right panel and, the second right panel comprises a ribbed wall with a plurality of ribs; and

a first lock assembly integrated with the first right panel and the second right panel, the first lock assembly having a first condition for locking the first right panel to the second right panel, and a second condition for unlocking the first right panel from the second right panel.

*See* Exhibit 1 at 12:63-13:9.

20.    Claim 15 requires:

the rigid top cover has an indentation pattern being at least substantially aligned with the vertical axis of the wheel assembly, the indentation pattern configured to receive a wheel assembly from another identical collapsible cart when stacked vertically.

*See* Exhibit 1 at 14:12-16.

## <u>COUNT I</u>

### <u>Declaratory Judgment of Non-Infringement - the '576 Patent</u>

21.    Plaintiff repeats and realleges each of the preceding paragraphs as if they are restated here and incorporate them by reference.

22.    To the extent any claims of '576 patent are found to be valid and enforeceable, the manufacture, use, offer for sale, sale, and/or import of Plaintiff's storage boxes, including without limitation the Non-Infringing Storage Boxes, have not infringed and will not infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid claim of the '576 Patent.

23.    The Non-Infringing Storage Boxes do not meet all limitations of claim 1. For example, they lack the limitation that "a first track formed along the first right panel and the second right panel extending from a first position on the first right panel to a second position on the second right panel, and a first slideable member cooperatively engaged to the first track."

24.    Additionally, the Non-Infringing Storage Boxes do not meet all limitations of claim 11. For example, they lack the limitation that "a first lock assembly integrated with the first right panel and the second right panel, the first lock assembly having a first condition for locking the first right panel to the second right panel, and a second condition for unlocking the first right panel from the second right panel."

25.    Furthermore, the Non-Infringing Storage Boxes do not meet all limitations of claim 15. For example, they lack the limitation that "an indentation pattern being at least substantially aligned with the vertical axis of the wheel assembly, the indentation pattern configured to receive a wheel assembly from

DECLARATORY JUDGMENT COMPLAINT

another identical collapsible cart when stacked vertically."

26.     An actual and justiciable case or controversy therefore exists between Plaintiff and Defendant regarding whether the Non-Infringing Storage Boxes have infringed the claims of the '576 Patent. Declaratory relief is thus appropriate and necessary to establish that the making, using, importation, sale, or offer of sale of the Non-Infringing Storage Boxes do not infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid and enforceable claim of the '576 Patent. Plaintiff is entitled to a judgment declaring that they have not infringed and will not infringe any claim of the '576 Patent.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

A.    A judgment declaring that the manufacture, use, offer for sale, sale, and/or importation of the Non-Infringing Storage Boxes have not infringed and will not infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid claim of the '576 Patent; and

B.    Such other and further relief as this Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury on all claims and issues so triable.

DECLARATORY JUDGMENT COMPLAINT

DATED:  December 20, 2024

**SHM LAW FIRM**

By:      */s/ Qianwu Yang*
QIANWU YANG  (Cal. Bar No. 336610)
yang@shm.law
YI YI (Cal. Bar No. 353482)
yi.yi@shm.law
**SHM LAW FIRM**
3000 El Camino Real
Building 4, Suite 200
Palo Alto, CA 94306
Telephone: (650) 613-9737

*Attorneys for Plaintiff*
ABORDER PRODUCTS, INC.