Derek A. Newman, State Bar No. 190467
*derek@newmanlaw.com*
Derek Linke, State Bar No. 302724
*linke@newmanlaw.com*
NEWMAN LLP
100 Wilshire Boulevard, Suite 700
Santa Monica, CA 90401
Phone: (310) 359-8200
Facsimile: (310) 359-8190

Attorneys for Plaintiff
Aborder Products, Inc.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| ABORDER PRODUCTS, INC. <br><br> Plaintiff, <br><br> v. <br><br> DBEST PRODUCTS, INC., <br><br> Defendant | Case No. 2:24-cv-10961-MWC-JC <br><br> **ABORDER PRODUCTS, INC.'S SECOND AMENDED COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF** <br><br> **DEMAND FOR JURY TRIAL** |

1

Plaintiff Aborder Products, Inc. alleges for its Second Amended Complaint for Declaratory Judgment against Defendant dbest products, Inc., on personal information as to Aborder's own activities and on information and belief as to the activities of others, as follows:

## Nature of the Action

1. This action arises under the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., and the United States Patent Act, 35 U.S.C. § 1 *et seq.*

2. Plaintiff seeks declaratory judgments that U.S. Patent No. 12,103,576 (the "'576 Patent") is not infringed by Plaintiff's storage box products, including but not limited to all products among Plaintiff's storage box offerings, as identified in Paragraphs 9 and 12 below (the "Noninfringing Storage Boxes"). A true and correct copy of the '576 Patent is attached hereto as Exhibit 1.

3. Plaintiff brings this action in view of the actual controversy created by Defendant under the '576 Patent. Defendant has asserted a patent infringement claim against the Noninfringing Storage Boxes with Amazon, causing Amazon to remove Plaintiff's listings for the Noninfringing Storage Boxes on Amazon.com.

## The Parties

4. Aborder Products, Inc. is a Texas corporation having its principal place of business at 400 E. Las Colinas Blvd., Suite 920, Irving, TX 75039.

5. Upon information and belief, dbest products, Inc. is a corporation organized under the laws of the State of California, with its principal place of business at 16506 S Avalon Blvd, Carson, California 90746.

## Jurisdiction and Venue

6. This action arises under the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, the United States Patent Act, 35 U.S.C. § 1, *et seq.* This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 2201, 2202, 1331, and 1338(a) because an actual case or controversy currently exists between the parties regarding the subject matter of this action, and the Court would have

subject matter jurisdiction over this action if Defendant initiated suit for patent infringement.

7. This Court has personal jurisdiction over dbest products, Inc. because dbest products, Inc. is a corporation organized and existing under the laws of California, with its principal place of business alleged to be at 16506 S Avalon Blvd, Carson, California 90746, which is within this judicial district.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because dbest products, Inc. resides in this District, as defined by 28 U.S.C. § 1391(c)(2).

**Factual Background**

**A.   The Noninfringing Storage Boxes**

9. Plaintiff conducts business through a storefront on Amazon.com under the name "Aborder Products," offering a variety of Noninfringing Storage Boxes for sale. These products are identified by Amazon Standard Identification Numbers (ASINs), including but not limited to B0D7W2J7P2, B0DFY27BKQ, B0CNK8ZBNG, B0CNKCFJJH, B0CNKC6KBF, B0CNKCJLFR, B0D7VZNNSS, B0D7W2XQ3F, B0D7ZLP2XG, B0D7ZMMDZJ, B0DFY53NSS, B0DFY3PPRS, B0DFY4X49Z, and B0DFY5M4BJ.

10. On or about November 27, 2024, Plaintiff received notifications from Amazon stating that the listings for the aforementioned ASINs were removed due to alleged infringement of the '576 Patent.

11. On or about January 3, 2025, Amazon reinstated all the ASINs listed above.

12. Plaintiff listed additional Noninfringing Storage Boxes, identified by ASINs including but not limited to B0DHGSBJ5N, B0DHGSZKH7, B0DHGT1GT1, B0DHGX3MMQ, B0DS2CYST8, B0DS2CZ4P1, B0DS2D3HP6, B0DS2D43W3, B0DS2DFPND, B0DS2DWLHL, B0DS2F51CF, B0DS2FJ4PT, B0DS2FVD64, B0DJ31R3M2, B0DJ32VMTK, B0DJ344MTY, B0DJ332P51 and B0DS2G59DD.

13. The Amazon marketplace constitutes Plaintiff's primary sales channel into the United States. To remain competitive in the United States market for storage boxes, Plaintiff needs the Noninfringing Storage Boxes listed in the Amazon marketplace without illegal interference. Amazon removed the Noninfringing Storage Boxes from the marketplace, preventing Plaintiff from accessing their largest channel of trade because of Defendant's alleged infringement complaint to Amazon. Thus, Defendant's submission of Amazon infringement complaint has caused immediate and irreparable harm to Plaintiff.

14. Upon information and belief, Defendant did not obtain samples of Plaintiffs' Noninfringing Storage Boxes prior to filing its complaint with Amazon alleging Plaintiff's infringement.

**B. The Patent-In-Suit**

15. The '576 Patent lists dbest products, Inc. as the applicant and assignee. *See* Ex. 1, '576 Patent, at 1.

16. The '576 Patent, titled "Stackable Collapsible Carts," describes its purported invention as "a collapsible cart designed to transition from a closed, folded condition to an open, expanded condition for use."

17. Claims 1, 11 and 15 are the only independent claims of the '576 Patent.

18. Claim 1 requires:

> a first track formed along the first right panel and the second right panel extending from a first position on the first right panel to a second position on the second right panel; and a first slideable member cooperatively engaged to the first track, the first slideable member is movable along the first track between an open position to a closed position to selectively lock the first right panel to the second right panel, wherein the first slideable member is in the open position when disposed along the first track adjacent the first position of the first track while not disposed along the second right panel and is in the closed position when disposed along

    the first track adjacent the second position of the first track while being disposed across both the first right panel and second right panel.

See Ex. 1 at 11:52-67.

  19. Claim 11 requires:

    the right sidewall comprising a first right panel rotatably coupled to a second right panel, the right sidewall further comprising a third right panel, wherein the second right panel and the third right panel conform in shape to collectively cover the opening in the first right panel and, the second right panel comprises a ribbed wall with a plurality of ribs; and a first lock assembly integrated with the first right panel and the second right panel, the first lock assembly having a first condition for locking the first right panel to the second right panel, and a second condition for unlocking the first right panel from the second right panel.

See Ex. 1 at 12:63-13:9.

  20. Claim 15 requires:

    the rigid top cover has an indentation pattern being at least substantially aligned with the vertical axis of the wheel assembly, the indentation pattern configured to receive a wheel assembly from another identical collapsible cart when stacked vertically.

See Ex. 1 at 14:12-16.

  21. On March 28, 2023, U.S. Provisional Application No. 63/577,068 (the "Provisional Application"), from which the '576 Patent claims priority, was filed. The Provisional Application first added drawings regarding at least the "third right panel" but fails to provide sufficient disclosure to satisfy the requirements for written description and enablement under patent law. These drawings are substantially similar to certain HAIXIN products, which were first made publicly available on or before July 29, 2022. See Ex. 2, U.S. Provisional Application No. 63/577,068, at 10–16 and HAIXIN Closet Organizers and Storage (accessible at

https://www.amazon.com/dp/B0B4FZWRVR?psc=1, last visited Jan. 15, 2025).

| Photograph of the Provisional Application | Photograph of HAIXIN Closet Organizers and Storage |
|---|---|
|  |  |

22. On December 15, 2023, the '576 Patent (Application No. 18/542,495) was filed, including newly added matter regarding the "third right panel," which is not sufficiently disclosed in any prior parent applications or patents.

23. All of the drawings, except Figure 44, regarding at least the "third right panel" of the '576 Patent are substantially similar to those in HAIXIN's Chinese Patent No. CN214987334 ("the '334 Patent"), which was published on December 3, 2021. For example, Figure 42A of the '576 Patent is almost identical to Figure 5 of the '334 Patent. *See* Ex. 1, Fig. 42A and the '334 patent ( available at https://patents.google.com/patent/CN214987334U/en?oq=CN214987334, last visited Jan. 13, 2025).



24. As can be seen in the above images, the drawings regarding the "third right panel" of the '576 Patent are copied from those of HAIXIN's '334 Patent. This degree of detailed copying confirms that Defendant intentionally and willfully reproduced these drawings.

25. The '576 Patent (Application No. 18/542,495) is designated as a continuation of parent application No. 18/161,677, which was filed on January 30, 2023.

26. However, the '576 Patent is a continuation-in-part, rather than a continuation, of the parent application No. 18/161,677, as misrepresented by Defendant before the United States Patent and Trademark Office ("USPTO"). Defendant knew, or should have known, that a continuation-in-part application adds new matter relative to its parent application and, therefore, is not entitled to priority of its parent.

27. The earliest effective filing date of the '576 Patent, at least for Claim 11, is December 15, 2023, rather than January 6, 2020, as misrepresented by Defendant before the USPTO.

28. Such misrepresentations constitute a violation of Defendant's duty of disclosure and candor to the USPTO.

# COUNT I

**Declaratory Judgment of Noninfringement of U.S. Patent No. 12,103,576**

29. Plaintiff repeats and realleges each of the preceding paragraphs as if they are restated here and incorporate them by reference.

30. Plaintiff has not infringed and does not infringe any valid and enforceable claim of the '576 Patent either directly, contributorily, or by inducement, literally or under the doctrine of equivalents, including through the making, use, importation into the United States, sale, and/or offer for sale of Plaintiff's Noninfringing Storage Boxes.

31. The Noninfringing Storage Boxes do not infringe at least claim 1 of the '576 Patent because the Noninfringing Storage Boxes do not include every limitation required by claim 1. For example, the Noninfringing Storage Boxes lack the limitation that "a first track formed along the first right panel and the second right panel extending from a first position on the first right panel to a second position on the second right panel, and a first slideable member cooperatively engaged to the first track."

32. Additionally, the Noninfringing Storage Boxes do not infringe at least claim 11 of the '576 Patent because the Noninfringing Storage Boxes do not include every limitation required by claim 11. For example, the Noninfringing Storage Boxes lack the limitation that "a first lock assembly integrated with the first right panel and the second right panel, the first lock assembly having a first condition for locking the first right panel to the second right panel, and a second condition for unlocking the first right panel from the second right panel."

33. Furthermore, the Noninfringing Storage Boxes do not infringe at least claim 15 of the '576 Patent because the Noninfringing Storage Boxes do not include every limitation required by claim 15. For example, the Noninfringing Storage Boxes lack the limitation that "an indentation pattern being at least substantially aligned with the vertical axis of the wheel assembly, the indentation pattern

1 configured to receive a wheel assembly from another identical collapsible cart when stacked vertically."

34. An actual and justiciable case or controversy therefore exists between Plaintiff and Defendant regarding whether the Noninfringing Storage Boxes have infringed the claims of the '576 Patent. Declaratory relief is thus appropriate and necessary to establish that the making, using, importation, sale, or offer of sale of the Noninfringing Storage Boxes do not infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid and enforceable claim of the '576 Patent. Plaintiff is entitled to a judgment declaring that they have not infringed and will not infringe any claim of the '576 Patent.

## PRAYER FOR RELIEF

Plaintiff Aborder Products, Inc. respectfully requests that the Court enter judgment in its favor and against Defendant dbest products, Inc. as follows:

A. A judgment declaring that the manufacture, use, offer for sale, sale, and/or importation of the Noninfringing Storage Boxes have not infringed and will not infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid claim of the '576 Patent; and

B. An order awarding Plaintiff's costs and reasonable attorney's fees as permitted by law; and

C. Such other and further relief as this Court may deem just and proper.

Dated: May 6, 2025.                    Respectfully Submitted,

                                       NEWMAN LLP

                                       /s/ Derek Linke
                                       Derek A. Newman, State Bar No. 190467
                                       *derek@newmanlaw.com*
                                       Derek Linke, State Bar No. 302724
                                       *linke@newmanlaw.com*
                                       100 Wilshire Boulevard, Suite 700
                                       Santa Monica, CA 90401
                                       Phone: (310) 359-8200
                                       Facsimile: (310) 359-8190

                                       Attorneys for Plaintiff
                                       Aborder Products, Inc.

## JURY DEMAND

Under Rule 38(b) of the Federal Rule of Civil Procedure, Plaintiff Aborder Products, Inc. demands a trial by jury on all claims and issues so triable.

Dated: May 6, 2025.                    Respectfully Submitted,

                                       NEWMAN LLP

                                       /s/ Derek Linke
                                       Derek A. Newman, State Bar No. 190467
                                       *derek@newmanlaw.com*
                                       Derek Linke, State Bar No. 302724
                                       *linke@newmanlaw.com*
                                       100 Wilshire Boulevard, Suite 700
                                       Santa Monica, CA 90401
                                       Phone: (310) 359-8200
                                       Facsimile: (310) 359-8190

                                       Attorneys for Plaintiff
                                       Aborder Products, Inc.